# DECISIONS

OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### WINTER TERM, 1853.

Lawson *vs*. Commonwealth.

Powell *vs*. Same.

Shoemaker *vs*. Same.

ERROR TO WASHINGTON CIRCUIT.

Case 1.

1. Merchants may sell wine, spirituous liquors, &c., in any quantity not less than a quart, not to be drank in their house, &c.; but previously to doing so must obtain a license from the county court. *Chap.* 83, 7 *sec. Revised Statutes, page* 557. By chap. 79, sec. 17, page 663, " destillers are allowed to obtain license to sell liquor in the same way, and under the same terms, restrictions, and penalties as merchants."

2. It was not the intention of the legislature, by the provisions in the Revised Statutes in regard to selling liquors, to tax distillers in the form of a license for the privilege of selling liquor of their own manufacture by the barrel, but only requires a license to be obtained by them when they desire to sell by retail, as merchants having a license.

Judge MARSHALL delivered the opinion of the court.

December 6.

Case stated.

Each of these cases presents the question whether a distiller may, at his distillery or still-house, and without a license, sell the liquors distilled by him by the barrel, that is, in quantities not less than a barrel, and not to be drunk at or near the still-house, but to be taken away for drinking or other uses elsewhere. The circuit court was of opinion that a distiller is

LAWSON, &c.
vs.
COMMONWEALTH

not authorized thus to sell without a license, and that for so doing he is subject to a penalty of sixty dollars, for which sum judgment was rendered against each of these defendants.

1. Merchants may sell wine, spirituous liquors, &c., in any quantity not less than a quart, not to be drank in their house, &c.; but previously to doing so must obtain a license from the county court. *Chap. 83, 7 sec., Rev. Stat., page 557.* By chap. 99, sec. 17, page 663, "distillers are allowed to obtain license to sell liquor in the same way, and under the same terms, restrictions, and penalties as merchants."

By the 1st section of the 2d article, chapter 99, Revised Statutes, page 663, a merchant may sell any wine, spirituous liquors, &c., in any quanty not less than a quart, to be drank elsewhere, &c.; but before doing so he must obtain a license from the county court; and for selling without such license, the 7th section of chapter 83, Revised Statutes, 557, imposes a penalty of sixty dollars. The 17th section of chapter 99, Revised Statutes, page 663, is in these words : " Distillers are allowed to obtain license to sell spirituous liquors in the same way and under the same terms, restrictions, and penalties as merchants." Before the date of the Revised Statutes, merchants, by an act of 1849, had been required to obtain this license ; but so far as we are informed distillers had not been previously required to obtain license, before they could sell in quantities not less than a quart, and not to be drank at their house, liquors distilled by themselves.

The 17th section, above referred to, makes in terms, no discrimination in favor of liquor made by the distillers themselves, but indicates the same license for selling liquors distilled by them, as for selling foreign or imported liquors, and confers upon the distiller obtaining such license precisely the same rights of vending liquors as the merchant acquires by the license which he is directed to obtain. That is, the license will authorize him to sell in any quantities not less than a quart, any liquors, foreign and domestic, provided they are not to be drank and are not drank on or adjacent to his premises. But he may not desire so extended a privilege. As a distiller, it is his business to manufacture liquor and to sell his own manufacture, and it is no part of his legitimate business either to deal in imported liquors, or to sell liquors of his own manufacture by retail.

To say that liquors shall not be sold at all is to say, in effect, that they shall not be manufactured, and to say that they shall not be sold by the manufacturer without a license is, in effect, to say that they shall not be manufactured without a license ; or in other words, it is to tax the manufacture itself in the shape of a license, and to the extent of the sum to be paid for it.

We do not suppose, and cannot admit, that the statutory provisions under examination were intended to prohibit or even to restrict the domestic manufacture of liquors, or to subject it to a species of excise, under the form of a license to sell ; but we do suppose that the legislature intended to regulate or restrict the right of sale by the manufacturer only so far as in his hands it is peculiarly subject to abuses injurious to the community, and so far as it may be restricted without injury to his own legitimate business as a manufacturer.

But if he manufactures liquor he must put it in vessels of some sort, and according to usage and convenience, he must put it in barrels. If under these statutes he cannot sell by the barrel without a license, he cannot sell at all without a license, and in effect cannot manufacture without a license. But he may manufacture and sell by the barrel, and make the legitimate profit of a manufacturer, without selling by retail, that is, by the quart or gallon, or in less quantities. It is to be observed, that while the merchant is required to obtain a license before selling the language with respect to distillers is not imperative, but merely permissive. They are *allowed to obtain a license* to sell liquors in the same way, on the same terms, and under the same restrictions and penalties, as merchants. It is not that they are allowed to sell, &c., in the same way, on the same terms, &c.; but they are allowed to obtain license, &c., to sell in the same way, on the same terms. If they wish to sell in the same way in which merchants may sell, they may obtain license therefor on the same terms; under that license they may sell in quantities not less than a

2. It was not the intention of the legislature, by the provisions in the Revised Statutes in regard to selling liquors, to tax distillers in the form of a license for the privilege of selling liquor of ther own manufacture by the barrel, but only requires a license to be obtained by them when they desire to sell by retail, as merchants having a license.

quart, and not to be drank on the premises. But if they sell liquor in small quantities, without license, or to be drank on their premises, &c., they are subjected to the penalties denounced against merchants.

The clause respecting distillers requires some departure from its literal and gramatical construction in order to give it a practical and reasonable operation. And under all of the considerations which have been adverted to we are of opinion, that while the legislature intended that the distiller might, by obtaining a license, have all the privileges of a merchant in the vending of liquors, and should not have them without obtaining license, it was not intended to require him to obtain a license in order to authorize him to sell at all, or to subject him to penalties for selling without a license, in such mode or quantity as must be allowed if he sells at all. We conclude, therefore, that distillers may, without a license, and without incurring any penalty, sell their own manufactured liquors by the barrel, and not to be drank on or near their own premises.

It follows that the court to which the law and facts were submitted without a jury, erred in each of these cases in rendering judgment for the commonwealth. Wherefore, each of the judgments is reversed, and each cause remanded for a new trial.

THURMAN and HARDIN for plaintiffs; HARLAN, Attorney General, for Commonwealth.

